FILED
2015 Nov-10 PM 04:14
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DISTRICT

NO. _____

FILED
2015 NOV -9 A 11: 39
U.S. DISTRICT COURT
N.D. OF ALABAMA

PENNIE FRAZIER
PLAINTIFF

VS

CV-15-BE-2013-W

ARCOLA WASHINGTON- ADUCCI et. al;
DEFENDANTS

COMPLAINT FOR DAMAGES AND JURY DEMAND UNDER 42 U.S.C. 1983
PARTIES AND JURISDICTION

1) Plaintiff is citizen of the United States and resides in the City of Aliceville, Pickens County, State of Alabama at the Aliceville Federal Correctional Institution's Satellite Prison Camp, hereinafter known as "Aliceville".

2) This is a civil action against the following:
   A. Arcola Washington-Aducci ("Warden Aducci"), Laconya Williams ("Ms. Williams"), Gabriel DeJesus, PsyD ("Dr. DeJesus"), and/or any other administrators, agents and employees of the Bureau of Prisons known to Aliceville's administration, but unknown to Plaintiff, collectively known as "Aliceville Administration".

   B. Richard Griffin, MD/CD ("Dr. Griffin"); Ivan Negron, MD/RMD; William Harris, Jr. ("Dr. Harris"); Jamie Hester; Brandi Bain, RN; Mary Heatherly, CDA; J. Etheridge, RN; Sharon Bailey, RN; C. Potter, NRP; Ronell Copeland, RN; M. King, RN; E. Ellie, RN; Shevone Barry, MA; and/or any other physician, nurse, health administrator, agent and employee of the Bureau of Prison known to Aliceville Administration and/or Aliceville's medical staff, but unknown to Plaintiff, collectively known as "Aliceville Medical Staff".

3) Congress has given federal district courts subject matter jurisdiction of these types of disputes under Title 28 U.S.C. 1331, 1343.

4) This action arises under the United States Constitution, in particular, the cruel and unusual punishment clause of the Eighth Amendment, and under the laws of the United States Constitution, in particular, 42 U.S.C. 1983.

5) As is more fully shown below, this action asserts claims that the civil rights of the Plaintiff were violated by Defendant's deliberate indifference to Plaintiff's medical conditions and its failure to protect her health and safety.

CLAIMS OF RELIEF

I.

6) On June 1, 2015, Plaintiff self-surrendered at Aliceville with the following previously diagnosed medical conditions: Diabetes Type II, Hypertension, Muscular Dystrophy with Spontaneous Rhabdomyolsis, Herniated Disc in her lower back, Asthma, Restless Leg Syndrome, Morbid Obesity, Obstructive Sleep Apnea with Insomnia, Anxiety, Depression, Post Traumatic Stress Disorder ("PTSD"), and a metal screw and bolt in her leg ("leg damage"), collectively known as Plaintiff's "Medical Conditions".

7) On June 1, 2015, Plaintiff informed Aliceville Medical Staff of her Medical Conditions and previously prescribed treatment for those Medical Conditions during the check-in process.

8) On June 1, 2015, Plaintiff turned in all medications prescribed by medical physicians and orthopedic specialists prior to self-surrendering to Aliceville Medical Staff, which included pain relievers and muscle relaxants, hereinafter known as "Turned-in Medication".

9) Plaintiff was informed by Aliceville Medical Staff the Turned-in Medication would be sent to her home and all of the medication would be recorded in her medical records.

10) All of the Turned-in Medication was not recorded in Plaintiff's medical records.

11) None of the turned in medications was returned to the Plaintiff's home.

12) On June 2, 2015, all Turned-in Medications listed within Plaintiff's medical record were discontinued by Aliceville Medical Staff prior to her being seen and/or evaluated by Aliceville Medical Staff.

13) On June 3, 2015, Plaintiff was evaluated by Dr. Griffin and her previously diagnosed Medical Conditions were confirmed, which included sever damage to her L3 and L4 quadrums of her lower back ("Herniated Disc") and Muscular Dystrophy with spontaneous Rhabdomyolsis.

14) On June 3, 2015, Dr. Griffin prescribed medication to treat Plaintiff's diabetes, hypertension, asthma, anxiety, depression, and PTSD.

15) Meloxicam and Iron were prescribed to treat the pain caused from Muscular Dystrophy, Herniated Disc, Restless Leg Syndrome and leg damage despite Plaintiff informing Dr. Griffin Meloxicam did not diminish the pain. No other muscle relaxants or pain relievers were prescribed.

16) From June 3, 2015 through June 25, 2015, Plaintiff informed Aliceville Medical Staff that the Meloxicam was not working and that she was experiencing constant pain.

17) Due to Plaintiff severe and constant pain, Plaintiff's blood pressure elevated from 130/93 on June 1, 2015 the day she self-surrendered to 150/94 by June 25, 2015, despite consistently taking medication to treat hypertension.

18) On June 25, 2015, Plaintiff was sent to Pickens County Medical Center "Emergency Room" via ambulance because of muscular pain, elevated blood pressure and e levated heart rate.

19) Due to Plaintiff severe and constant pain and elevated vitals, "The Emergency Room" Physician gave the plaintiff a pain shot to alleviate her pain and stabilize her vitals.

20) Plaintiff was treated by "The Emergency Room's" medical staff Dr. Manly J. Sullivan, Emergency Room physician and

released the same day, upon release Plaintiff was given a muscle relaxant and pain reliever prescription.

21) On June 25, 2015, By the time Plaintiff was seen by Aliceville Medical Staff for a follow up after leaving the Emergency Room her blood pressure was 150/110 and she was in severe pain.

22) Plaintiff was informed by Aliceville Medical Staff to take over the counter medications until the prescription issued by the Emergency Room was filled and/or she saw the physician.

23) On July 2, 2015, Plaintiff went to see Aliceville Medical Staff because of on-going severe pain.

24) Plaintiff's blood pressure was 158/98 despite her taking prescribed blood pressure medication Amlodipine, Meloxicam pain and over the counter medications.

25) Plaintiff was informed by the Aliceville Medical Staff that the physician had stated that he would not be filling the prescription recommended by "Dr. Manly J. Sullivan, M.D " From Pickens County Medical Center.

26) On July 2, 2015, Plaintiff notified Aliceville Medical Staff that she still had not been seen by the Physician since June 3, 2015 in her initial intake medical interview despite her complaints of severe pain, documented high blood pressure and pre-existing conditions.

27) Aliceville Medical Staff failed to fill the prescriptions recommended by the Emergency Room and was not given an alternative method that was of the magnitude needed to relieve her severe pain.

28) Plaintiff sent several cop-outs electronic messages with no response informing Aliceville's Medical Staff and Aliceville's Administration about her severe pain.

29) On July 2, 2015, Plaintiff sent in a "Informal Resolution form 8" seeking the recommended prescriptions from The Emergency Room that Aliceville Medical Staff deliberately did not allow the plaintiff to have.

30) On July 20, 2015, Plaintiff sent in an electronic Cop out Email to Ms. Williams about her severe muscle pain and herniated disc seeking a resolution.

31) On July 27, 2015, Plaintiff received a response to the Informal Resolution Form 8 that the medication would be available for pick up during Pill Line".

32) On July 27, 2015, Plaintiff was told by Ms. Hester that they had no records of a prescription nor was one present.

33) On July 28, 2015, Plaintiff filed an Administrative Remedy Form 9 informing Aliceville Administration of her severe and constant pain and requested prescriptions recommended by the Emergency Room and or an alternative that was the same magnitude to relieve pain.

34) On August 7, 2015 Plaintiff sent another electronic email cop-out to Warden Aducci pleading for her assistance that would help with a quicker resolution to her severe pain.

35) On August 17, 2015, Plaintiff sent a paper cop-out to Warden Aducci checking on the Administration Remedy Form 9 about muscle pain and herniated disc.

36) On August 20, 2015, Plaintiff received a response from Warden Aducci to the paper cop-out dated August 17, 2015, stating " that if she had not received a response to the Administrative Remedy Form 9 in the allotted time allowed then consider it to be a denial at this level".

37) On August 26, 2015, Plaintiff filed an Administrative Appeal 10. to the Regional Office informing them of her severe and constant pain and Aliceville Medical Staff unwillingness to treat her.

38) On September 11, 2015, Plaintiff was called in to see Aliceville Medical Staff Plaintiff informed Dr. Griffin about her constant pain from her muscles and herniated disc and was informed that she would be receiving something to assist with pain.

39) On September 17, 2015, Plaintiff Received a response to Administrative Remedy Form 9 from Warden Aducci stating

"prescriptions are only a recommendation" and despite the recommendation of the Emergency Room Physician and severe pain mentioned by the plaintiff while taking over the counter pain medication she was advised to continue taking over the counter medications.

40) On September 18, 2015, Plaintiff went to Aliceville Medical Staff to inquire about the pain medication Dr. Griffin said he requested September 11, 2015, nothing was prescribed for pain in her back and muscles.

41) On September 25, 2015, Plaintiff spoke with Aliceville Medical Staff about her severe pain being unbearable and Blood pressure being elevated.

42) Plaintiff informed Aliceville Medical Staff and Dr. Griffin that the medication given on September 18, 2015 for anxiety was not helping with pain.

43) On September 29, 2015, Plaintiff sent an Administrative Appeal Form 10 to the Regional Office seeking to appeal the denial of the prescriptions recommended by the Emergency Room and or requested some other form of pain medication for her muscles despite the increase in dosage the "Amitytriptyline" still was ineffective for muscle pain and Plaintiffs herniated disc.

44) On October 7, 2015 Regional Office sent Plaintiff confirmation on receiving the Administrative Appeal Form 10, via Warden Aducci office.

45) On October 7, 2015, Plaintiff received a response to the August 7, 2015, electronic cop-out that she sent seeking help from Warden Aducci referring her back to sick call and to lose weight no pain medication was prescribed.

46) Aliceville Medical Staff and Aliceville Administration knew of Plaintiff chronic medical needs as it pertains to her muscles and herniated disc in her back.

47) Aliceville Medical Staff was aware of Plaintiffs complaint of severe pain but failed to take steps to assist her with alleviating her pain even though she informed them over the counter medicines were not working.

48) Aliceville Medical Staff and Aliceville Administration failed to inquire into facts necessary to make a professional medical Judgment concerning Plaintiff's pain.

49) Aliceville Medical Staff knowingly disregarded medical advice and failed to provide treatment known to be required as recommended by the Emergency Room and outside Orthopedic Specialist.

50) Aliceville Medical Staff and Aliceville Administration intentionally and deliberately failed to provide the required treatment for Plaintiff's medical needs.

--

II.

## SLEEP APNEA & insomnia

51) On June 3, 2015, Plaintiff was evaluated by Aliceville Medical Staff and informed them of her medical condition of chronic sleep apnea which requires a Cpap machine ( which help her breath while sleeping).

52) On June 3, 2015, Aliceville Medical Staff confirmed and documented Plaintiff's sleep apnea from Plaintiff's diagnosing physician.

53) On June 3, 2015, Plaintiff was informed by Aliceville Medical Staff that her Cpap machine had been ordered .

54) On June 25, 2015, Plaintiff was taken to the Emergency Room for pain and in and elevated Vitals.

55) Plaintiff's Blood pressure was noted to be 150/110 when she returned from the Emergency Room the same day.

56) On June 25, 2015, Plaintiff expressed concern that she had gone 25 days with out her Cpap machine the severe need for it.

57) On July 2, 2015, Plaintiff wrote an Informal Resolution Form 8 about her need for a Cpap machine.

58) On July 11, 2015, Plaintiff went to Aliceville Medical Staff and was informed that her Cpap machine had not yet arrived. Plaintiffs' blood pressure was 168/100 still increasing while taking all medications prescribed to her with the exception of the Cpap machine after being notified by witnesses that she stops breathing while sleeping.

59) Plaintiff was informed by Aliceville Medical Staff there were no records of calibrations nor any evidence of an order for a Cpap machine.

60) On July 28, 2015, Plaintiff wrote up an Administrative Remedy Form 9 because Aliceville Medical Staff failed to follow up and or administer the Cpap machine.

61) On August 7, 2015, Plaintiff sent an electronic cop- out to Warden Aducci about not receiving her Cpap machine.

62) On August 17, 2015, Plaintiff sent out a paper cop out to Warden Aducci checking on the status of the Administrative Remedy Form 9.

63) On September 1, 2015, Plaintiff sent another electronic cop out to Aliceville Medical Staff reminding them of her severe need of a Cpap machine, no response has been received.

64) On September 11, 2015, Plaintiff was told by Aliceville Medical Staff that her Cpap Would be issued to her later that afternoon.

65) Aliceville Medical Staff and Aliceville Administration knew of and confirmed Plaintiff's chronic sleep apnea of which can be life threatening without having a Cpap machine present.

66) Aliceville staff knowingly disregarded medical advice and failed to provide equipment known to be required as instructed by plaintiffs Sleep Specialist.

67) Aliceville Medical Staff knowingly disregarded Plaintiff's life threatening condition and failed to provide equipment known to be required to prevent significant harm to her health.

III.

## Throat Issues

68) On July 2, 2015 Plaintiff complained to Aliceville Medical staff about the large lump in her chin which causes her throat to lock up, prevents her from swallowing and when she eats or drink she strangles very easy

69) Plaintiff went to sick call multiple times for throat issues and explained to Aliceville Medical staff saliva was pouring out of her mouth while sleeping.

70) From July 27, 2015, through present Dr. Griffin prescribed Doxycyclin monohydrate a form of antibiotic, which did not treat the symptoms she was experiencing.

71) Plaintiff was examined by Dr. Griffin on September 11, 2015, concerning her Throat issues.

72) Plaintiff informed Dr. Griffin her throat issues were getting worse he stated an appointment for ear nose & throat specialist no appointment was ever made.

III.

SUMMARY

73) Defendants have a wide spread custom and practice of collecting medications during the checking process from inmates who self-surrender to the institution, not recording the medicines turned in, and not sending the medication back to the inmate's home.

74) Defendants have a widespread custom and practice of assigning medications to an inmate in the computer system, not issuing the medicine to that inmate, but distributing same medication to another inmate. Therefore, medication is recorded in the computer system as received by both inmates but only one inmate is actually issued the medication. Practice referred to by Aliceville Medical Staff as "Recycling".

75) Defendants failed to follow up on Plaintiff's known or suspected mental health disorders.

76) Aliceville Administration provides inadequate training to its staff regarding mental health issues and gives them minimal authority to make decisions.

77) Aliceville Medical Staff has a custom and practice of taking medical intake forms without providing basic medical care, not logging sick call visits and failure to refer inmates to see the physician with serious medical needs.

78) Aliceville's medical Staff knew Plaintiff had a serious medical issues some life threatening.

79) Aliceville's medical Staff and Aliceville's Administration knew of Plaintiff's chronic and severe medical needs.

80) Aliceville medical Staff and Aliceville's Administration intentionally and deliberately failed to provide the required treatment for Plaintiff's medical need.

81) Aliceville Medical Staff and Aliceville's Administration deliberate indifference to Plaintiff's medical needs caused severe pain and permanent damage to her back injury, face as well as her mental health.

82) Aliceville Medical Staff actually knew of the risk of harm that they were enhancing by delaying medical treatment.

83) Aliceville's Administration seriously denied or delayed access to medical personal.

84) Aliceville's Administration denied access to appropriately qualified healthcare personnel.

85) Aliceville Medical Staff failed to refer Plaintiff to an external expert for further testing or treatment due to a shortage of medical staff to accompany her.

86) Aliceville Medical Staff ignored Plaintiff's complains of severe pain and her medical condition worsened as a result of the delay in treatment and or inadequate treatment.

87) Aliceville's Medical Staff and Aliceville Administration failed to inquire in to facts necessary to make a professional medical judgment

88) Aliceville's Medical Staff failed to carry out medical orders and recommendations of Pickens Count Medical Center and outside pre-existing specialist.

89) Aliceville's Administration failed to provide a system of ready access to adequate medical care to Plaintiff when she was unable to make her medical problems known to the medical staff.

90) Aliceville's Medical Staff is not competent to examine between 225 to 300 inmates at the Aliceville Satellite Camp diagnose illnesses, and then treat and refer patients once a week for a few hours on Fridays.

91) Aliceville's Medical Staff is not competent to service Aliceville's Satellite camp inmates once a week.

92) Aliceville's Medical Staff and Aliceville Administration Health Services has failed numerous times during regional office inspections.

93) Plaintiff's severe, medical condition has caused significant disruption in her everyday life which prevents her from functioning in the general population with out experiencing significant pain.

PRAYER

Plaintiff request that this court render judgment against defendants:

A.) For a declaration that Defendants have violated Plaintiff's constitutional rights under the cruel and unusual punishment clause for the Eighth Amendment;

B.) For order enjoining Defendants and their officers, agents, affiliates, subsidiaries, servants, employees, and all other person or entities in active concert or privity or participation with them:
   I)To adopt policies, procedures, practices and acts to correct the rampant deficiencies due to a callous indifference to prisoner's medical needs at the Aliceville Satellite Prison Camp, which includes a located on site a full time Registered Nurse and physician present three times per week and a Chronic Care Clinic.

   II) To retaliate against or in any respect adversely affect any person because that person has opposed what that person reasonably believed to be deliberate indifference to a prisoner's medical needs at Aliceville Satellite Prison Camp or because of that person's participation in or cooperation with the initiation, investigation, litigation, or administration of this action.

C.) For an award to plaintiff compensatory damages in an amount determined by their Trier of Fact to be sufficient to compensate for injuries described in this complaint;

D.) For an award to Plaintiff of punitive and exemplary damages in an amount determined by their Trier of Fact to be sufficient to punish each defendant against whom such damages are awarded and determined to be sufficient to deter similar conduct in the future;

E.)For an award of Plaintiffs' cost of suit;

F.) For an award of Plaintiff's reasonable attorney fees, as provided in 42 U.S.C. 1983;

G.) For any interest on damages awarded as allowed by law; and

H.) For an award to plaintiff of all other relief that is just, proper and equitable.

Dated: October 22, 2015

Respectfully,

*Pennie Frazier*
Pennie Frazier, Pro Se
Reg. No.: 17966-043
Aliceville Satellite Prison Camp
P.O. Box 487
Aliceville, Alabama 35442

CERTIFICATE OF SERVICE

This is to certify that the Plaintiff, Pennie Frazier, has served a true and correct copy of the forgoing: Complaint for Damages and Jury Trial under 42 U.S.C. 1983 upon the attached addresses by placing same in a sealed envelop, bearing sufficient postage for deliver via United States Postal Service and deposited it in the postal box provided for inmates on the grounds of the Federal Correctional Institution, Aliceville, Alabama 35442, on this 22nd day of October, 2015.

*Pennie Frazier*
Pennie Frazier, Pro Se
Reg. No.: 17966-043
Aliceville Satellite Prison Camp
P.O. Box 487
Aliceville, Alabama 35442

Litigation is deemed filed at the time it was delivered to prison authorities. See Houston v. Lack, 497 U.S. 266, 101 L.Ed 2d 245, 108 S.Ct. 2379 (1988).